UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE BRIDGE                    Case No. 13-14289-RBR
CLUB, INC.,                                   Chapter 11

    Debtor.
_____/

### CREDITOR, SAMUEL D. ROSEN'S MOTION FOR LEAVE TO FILE APPEAL

COMES NOW, Creditor, Samuel D. Rosen ("Rosen"), in accordance with Fed. R. Bankr. P. 8003(a), files this Motion and respectfully requests Leave of Court for appellate review of the Bankruptcy Court's "Order Approving" [DE-217] ("Order"). As good grounds Rosen would show that:

### JURISDICTION, QUESTIONS FOR APPEAL AND REASONS FOR LEAVE TO APPEAL

The questions presented on this appeal are:

1.      Did the Bankruptcy Court err as a matter of law – or abuse its discretion – when it ruled on August 7 that Rosen would have to make a choice of either preceding *pro se* **OR** through counsel, but could not do both.

2.      Did the so called prohibition on "hybrid representation" apply to an instances, as where, counsel has not made a general appearance, but rather, makes a limited appearance only for certain defined purposes and the Court can easily apply the same rules of decorum as it would in any case in which more than one attorney appears for one party, *i.e.,* only one attorney speaks per motion; in trial, only one attorney per witness?

1

3. Did the Bankruptcy Court error as a matter of law or did it abuse its discretion when, on August 8, it ignored the choice it gave Rosen on August 7 and issued an Order making the choice for Rosen and without his consent, directing that attorney Broeker, who had made only limited appearances, was required to make a general appearance in this matter for Rosen?

4. Given that this bankruptcy proceeding had been in progression for five months with Rosen throughout appearing *pro se* and Chad Pugatch appearing through a limited appearance as Of Counsel to Rosen, all without one word of objection from Debtor, from the Trustee, or from this Court, did the Bankruptcy Court abuse its discretion when it rejected the Agreed Substitution of Counsel signed by Pugatch and Broeker to continue the exact same limited appearance of counsel when the sole difference was that the counsel being relieved, Pugatch, has been a friend of the bankruptcy Judge for over 30 years, that he had been discharged, and that Broeker was coming in? In simple terms, the limited appearance of Pugatch as Of Counsel to Rosen and the limited appearance of Broeker as Of Counsel to Rosen presented identical facts to the Court, save for the identity of the counsel, and despite no prior objection to his representation by Pugatch, the Court objected and would not permit Broeker to continue in that representation.

5. The question involved on the appeal is whether the Bankruptcy court abused its discretion when it denied Rosen's request, on Stipulation for Substitution of Counsel, to allow himself to be heard *pro se* and to also have limited assistance by "Of Counsel" in the representation of his claims in the bankruptcy case.

6. The Trustee, who objected, has since resigned after filing a materially false statement on his Certification in this case when he failed to disclose his existing attorney-client relationship with Rosen's predecessor counsel, Pugatch.

2

7. The Bankruptcy court abused its discretion when it denied Rosen this so-called "hybrid representation", the Order is to the prejudicial detriment of Rosen, and is not in the best interest of the Estate and the parties to this bankruptcy case.

8. Leave to Appeal the Bankruptcy Court's Order should be granted so that Rosen can protect his right to represent himself through his appearance *pro se* concurrent with the limited representation of an "Of Counsel" in this case.

9. The reasoning and necessity for Rosen's *pro se* representation and utilization of an "Of Counsel" is because Rosen is not a bankruptcy practitioner, and seeks to have advice and assistance from counsel. However, he is also a retired attorney, and knowledgeable of the facts of this case and all of the information in relation to his claims against the Debtor, which include but are not limited to the facts and issues in five (5) Civil Actions pending in the Circuit Court in and for Broward County, in the U.S. District Court in and for the Southern District of Florida, Ft. Lauderdale division and in arbitration proceedings before American Arbitration Association in Atlanta, Georgia. In most of those cases, Rosen has proceeded, *pro se*. Rosen has taken multiple depositions and conducted or attended multiple hearings in front of multiple Judges, and obtained summary judgments on three Counts in two (2) of those cases. This hybrid representation is being allowed in the District Court case. Also, in the case herein, Rosen has attended all of the hearings and other proceedings. It would be inefficient and expensive for Rosen to pay a new attorney to "come up to speed" on each and every proceeding that is occurred in six (6) related actions (including this bankruptcy).

10. Additionally, Rosen's original retained counsel, Chad Pugatch, had an undisclosed conflict of interest in the form of personal representation of the original Trustee who was appointed herein, Kenneth Welt. When Trustee Welt's interests and Rosen's interests came

into conflict, Rosen realized that he was being represented by an attorney with divided loyalty, and terminated the services of his predecessor counsel. That predecessor counsel was permitted to be Of Counsel or Co Counsel to Rosen, and there is no sufficient reason to discontinue this precedence in this case. It is now even now more important to have an attorney as Of Counsel to Rosen and he seeks to do so. And it would be even more expensive if he had to pay his counsel to represent him on all issues.

11. Use of an "Of Counsel" is necessary for Rosen as Mr. Broeker, his choice of "Of Counsel", has knowledge in areas of law that Rosen is pursuing and defending, and the law firm of Sweetapple, Broeker & Varkas has the capability to research issues, draft and finalize pleadings, and file documents online, as these tasks are unavailable to Rosen who does not use a computer.

12. The Objection filed by counsel to the (former) Trustee relies upon a case that, on its face, states that it is a non-published opinion and has no precedential value. However, this Court followed that case and cited it as grounds for its decision herein. This was improper, and that authority is properly overruled.

13. An appeal should be permitted at this time to halt the impending harm in the judicial process in this case and Rosen should be able to represent himself and have the representation of an "Of Counsel" for proceedings as he chooses, to move forward in an efficient and expedient manner and to bring his claims and this case to a swift resolution.

14. An appeal should also be permitted at this time to prohibit incurable damage that will occur in the event that Rosen cannot represent himself *pro se* with "Of Counsel" in the progression of this case.

## **LEGAL ARGUMENT**

15.     Previously in this case, Rosen was permitted to represent himself, at times, and have the assistance of special "Of Counsel" Chad Pugatch. However, after Rosen moved to disqualify the Trustee and again appeared in front of the Court seeking to have attorney Douglas Broeker appear "Of counsel" his request was denied. This is an abuse of discretion because the appearance is a limited one, for limited purposes, and the cited authority is in opposite.

16.     The seminal case cited by the objecting (former Trustee) *In Re: Carl Pertuset*, 485 B.R. 478 (6th Cir. BAP 2012), is an unpublished opinion from the Bankruptcy Appellate Panel of the Sixth Circuit. By rule, in the Sixth Circuit, citation of such decisions is disfavored. Rule 8010-1(c). The *Pertuset* case is inapplicable on its facts because the Debtors, there, were making *pro se* filings when they were represented by counsel, the Debtors did not personally attend a hearing, after filing papers contesting the Court's jurisdiction, then the Debtor's counsel, at the hearing, agreed with the Court's jurisdiction and promised that the *pro se* filing would be withdrawn. Thereafter, the filings were not withdrawn, the Debtors filed more *pro se* papers objecting to the hearing and other matters. Additionally, all the cases cited therein are "general appearance" cases. In this case, Rosen seeks to have special counsel on some issues, to function essentially as a co-counsel, while Rosen handles other matters that are within his area of understanding – in this case meaning more fact specific. In this case, it is imperative that Rosen be permitted to represent himself with regard to factual issues that are complex and would be expensive to bring an attorney "up to speed" on. It therefore is an abuse of the Court's discretion to prevent him from doing so when he brings in a new counsel.

17.     Rosen recognizes that the Eleventh Circuit cases of *United States v. Mills*, 704 F.2d 1553 (11th Cir. 1983), and *United States v. LaChance*, 817 F.2d 1491 (11th Cir. 1987)

affirmed the trial court's refusal to allow "hybrid representation." However, both cases hold that hybrid representation is permissible and within the Court's discretion. As the Court previously exercised its discretion to allow hybrid representation, and following the replacement of predecessor counsel it is now even more important for Rosen to be able to represent himself with regard to factual issues, it is an abuse of discretion for the Court to forbid Rosen from having "Of Counsel" representation on an as needed basis. The Court's stated grounds for denial, herein, are unavailing as a matter of law.

18.   The case of *O'Reilly v. New York Times Company*, 692 F.2d 863 (2nd Cir. 1982) is particularly instructive. In that case, one of the plaintiffs, Father O'Reilly, sought to discharge his brother, as personal counsel, while his brother would continue to represent other (individual and corporate) plaintiffs. The Trial Court refused to allow Father O'Reilly to represent himself, *pro se*, and made findings such as "it would be disruptive to the process of the trial to have Father O'Reilly represent himself. If he had originally intended to represent himself, it might have been a different story." *Id.* at 869. On appeal, the Court in an opinion by Judge Friedly, rejected this argument finding that "the first sentence was conclusory, and the second sentence was irrelevant; indeed it is very nearly an admission that the other reasons lack merit." *Id.* Those and all other reasons stated by the trial court, including "it would only be *pro se* in the sense that Father O'Reilly would be able to play two roles, one as witness and one as advocate" were rejected, and Judge Friedly concluded by saying "If this is an evil, it is one which the First Congress was willing to countenance and which none of its successors has seen fit to remedy." *Id.* Judge Friedly further stated:

> "being able to appear both as witness and as counsel is one which, for better or for worse, parties have been granted in the Federal Courts since 1789. In sum, while the trial if there be one, would almost certainly be calmer and easier for the Judge to manage if Father O'Reilly had not

    decided to represent himself, such considerations do not justify refusal of the historic statutory right of self-representation."

*Id.* For the reasons stated in *O'Reilly*, the stated reason, herein, for denying Rosen's right to represent himself *pro se* while still having Co-Counsel is an abuse of discretion and properly reversed.

  WHEREFORE, Rosen requests that he be granted Leave to Appeal from the Bankruptcy Court's (Doc. 217) "Order Approving, In Part, Stipulation for Substitution of "Of Counsel" (Doc. 179) and Trustee's Sustaining the Objection (Doc. 181)", that the Order be vacated, and that Rosen may have such other and further relief as is just.

  Dated: August 21, 2013.

/s/ _____
*Of Counsel*
**Douglas C. Broeker, Esq.**
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
777 Brickell Avenue – Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax: (305) 358-1023
doug@broekerlaw.com
docservice@broekerlaw.com

Respectfully submitted,

_____
Samuel D. Rosen
Creditor, *Pro Se*
10175 Collins Avenue
Apt. 502
Bal Harbour, Florida 33154
Tel.: (305) 868-6096
Cell: (917) 974-7588

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all parties who are not on the list to receive e-mail notification/service for this case on this 21st day of August 2013.

> I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local rule 2090-1(A)
>
> **SWEETAPPLE, BROEKER & VARKAS, P.L.**
> 777 Brickell Avenue – Suite 600
> Miami, Florida 33131
> Tel.: (305) 374-5623
> Fax: (305) 358-1023
> docservice@broekerlaw.com
> doug@broekerlaw.com
>
> By: /s/ Douglas C. Broeker, Esq.
>     Douglas C. Broeker, Esq.
>     FL Bar. No.: 306738

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

Joe M. Grant, jgrant@msglaw.com

Lawrence E. Pecan, efile@msglaw.com

Thomas L. Abrams, tabrams@tabramslaw.com

Office of the US Trustee, ustpregion21mm.ecf@usdoj.gov

Chad Pugatch; cpugatch.ecf@rprslaw.com

Kenneth A. Welt, court@trusteeservices.biz, fl10@ecfcbis.com


**SERVED VIA U.S. MAIL**

Samuel D. Rosen
10175 Collins Ave., Apt. 502
Bal Harbour, FL 33154

Soneet Kapila
c/o Kapila & Company
1000 S. Federal Hwy., Ste. 200
Ft. Lauderdale, FL 33316

Mark LaFontaine
5100 N. Fed. Hwy. #407
Ft. Lauderdale, FL 33308